IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY M. POLLARD, SR., : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-17-0344 |
| vs. : | |
| : | (Judge Caldwell) |
| TAMMY FERGUSON, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Wesley M. Pollard, Sr., an inmate at the Benner Township State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983 on February 18, 2017.  Pollard seeks damages for injuries he sustained when he slipped in the shower area due to a lack of "floor mats" in the area.  (ECF No. 1, Compl.)  Named as Defendants are the Secretary of the Pennsylvania Department of Corrections (DOC), John E. Wetzel, and the Superintendent of SCI-Benner, Tammy Ferguson.  (*Id.*)

This case is now before the court for a preliminary review pursuant to 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we will dismiss the complaint for failure to state a claim upon which relief may be granted, principally because Plaintiff has failed to allege a constitutional violation or claim.

II.    *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether he is proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III. *Background*

According to the Complaint, on June 15, 2016, Pollard slipped and fell in the drying area of the shower, injuring his left leg and knee. He put in a sick call slip and was later seen by physician, Brad Rickaball, who ordered diagnostic X-rays and pain medication. (ECF No. 1, pp. 2-3). Approximately ten days later, he learned that he had sustained a torn meniscus, and additional testing of his knee was ordered. Pollard was taken to a local hospital where he received an "E.K.G.," and it was confirmed he had a torn meniscus. On October 25, 2016, Pollard underwent surgery for his knee. He alleges that "these shower area's (sic), in and around should have mats and better drainage. This negligence and lack of concern for [his] safety, put [him] in danger, by not providing any floor mats for these hazardous and slippery areas." (*Id.*, p. 4).

Defendants are sued in their individual and official capacities. Pollard seeks monetary relief.

Pollard notes that his administrative remedy "was rejected/dismiss[ed] for not filing timely." (*Id.*, p. 2). He also includes copies of his administrative remedy, appeals and the prison official's responses, including the rejection of his grievance as untimely by the Secretary's Office of Inmate Grievances and Appeals. (*Id.*, p. 12).

IV. *Discussion*

    A. *Failure to State A Constitutional Claim*

The Eighth Amendment protects prison inmates from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981). In order to show an Eighth Amendment "conditions of confinement" violation, a plaintiff must show that the defendants knew of and disregarded an excessive risk to his health or safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 135 (3d Cir. 2001). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. 825 at 837, 114 S.Ct. at 1979. "[D]eliberate indifference entails something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S.Ct. at 1978. In other words, claims of negligence, without some more

culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pennsylvania Dept. Of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

Here, Pollard alleges Defendants were negligent when they failed to put mats in the shower area, thereby posing an unreasonable risk to his health and safety. Such a claim fails as a matter of law. *See Id.*, 511 U.S. at 835-39, 114 S.Ct. at 1978-80.

B.  *Failure to State a Claim against Secretary Wetzel or Superintendent Ferguson*

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior. Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

As noted above, a prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.

Here, Pollard's claim against both Secretary Wetzel and Superintendent Ferguson sounds in *respondeat superior*. He names each Defendant because they are "legally responsible" for either the "overall operation of the facility" or the "overall operation of the Department [of Corrections] and each institution." (ECF No. 1, p. 5). Moreover, Pollard does not allege that either Defendant participated in his medical care or withheld medical care from him following his injury. Thus, Pollard fails to state a claim against either Secretary Wetzel or Superintendent Ferguson.

    C.    *Pollard's Motion for Appointment of Counsel*

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an

indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Pollard seeks the appointment of counsel based on his indigence, his alleged limited access to the law library, and unsuccessful attempts to engage counsel on his own. (ECF No. 4, Mot. for Counsel). Pollard's Complaint, documents attached to the Complaint, and other filings with the court demonstrate his clear ability to communicate in English. As revealed by our above analysis, the merits of his case are rather straightforward. Based on our review of Pollard's clearly worded Complaint and exhibits, he only asserts a claim of negligence, and only against two supervisory Defendants, and his Complaint is subject to dismissal. Normally we would grant leave to amend if it was possible for Plaintiff to cure the deficiencies in his pleading. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, given the detail Plaintiff has already supplied in his Complaint, and his failure to allege any claims related to his medical care, or the Defendants' involvement in his medical care, we find that any further amendment would be futile, *id.*, and hence will not be

allowed. Accordingly, the court will deny Pollard's motion for counsel.

      An appropriate order follows.

                                                <u>/s/William W. Caldwell</u>
                                                William W. Caldwell
                                                United States District Judge

Date: May 10, 2017