# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY M. POLLARD, SR.,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:17-0344 |
| v. | : | (JUDGE MANNION)[1] |
| **TAMMY FERGUSON, et al.,** | : | |
| Defendant | : | |

## MEMORANDUM

On February 18, 2017, Wesley M. Pollard, Sr., an inmate confined at the Benner Township State Correctional Facility (SCI-Benner), in Bellefonte, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. By Memorandum and Order dated May 10, 2017, Plaintiff's action was dismissed, without prejudice, as failing to state a constitutional claim pursuant to the screening provisions of 42 U.S.C. §1983.

Pending before the Court is Pollard's motion for leave to file an amended complaint. (Doc. 9). Given the procedural history of this case, plaintiff's motion also will be construed as seeking reconsideration of the Court's dispositive order.

For the reasons that follow, the motion will be **DENIED**.

---

[1] On February 6, 2018, this case was reassigned to the undersigned judge from the Honorable William W. Caldwell who issued the May 10, 2017 Memorandum.

## I. BACKGROUND

On February 18, 2017, Pollard, a state inmate filed a civil rights complaint seeking damages for injuries received at the Benner Township State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania. (Doc. 1). The evening of June 15, 2016, Plaintiff slipped and fell in the shower due to the alleged lack of proper shower mats and inadequate drainage. "This negligence and lack of concern for my safety, put me in danger, by not providing any floor mats for these hazardous and slippery areas." (Id., p. 4). In October 2016, Pollard underwent knee surgery for a torn meniscus. Plaintiff states that while he filed a grievance concerning his fall, it was denied as untimely. He attached a copy of his grievance and appeals to his Complaint. Pollard named the Secretary of the Pennsylvania Department of Corrections (DOC), John Wetzel, and the Superintendent (Supt.) of SCI-Benner, Tammy Ferguson, as Defendants.

On May 10, 2017, the Court screened Pollard's fourteen page Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). (Doc. 7). The Complaint was dismissed without leave to amend due to Pollard's failure to assert a constitutional claim and failure to allege the personal involvement against Secretary Wetzel and Supt. Ferguson. (Id.)

On June 14, 2017, Pollard filed a motion to file an amended complaint and provided a copy of his proposed amended complaint. (Doc. 9). In addition to Secretary Wetzel and Supt. Ferguson, plaintiff names the following new defendants: Deputy of Facility Security Daniel Myers; Deputy of Centralized Services Bobbi Jo Salamon; Major Timothy Graham; Corrections Officer (CO) John Doe; and Physician Brad Rickaball as defendants. (Id.) He also seeks to add new claims alleging CO John Doe and Physician Rickaball's denial of prompt medical care for his injuries. As for the supervisory defendants, Pollard claims that "[e]ven if defendants were not actually involved in the

events that [form] the basis of a constitutional claim, supervisors, deputy's, major & physicians may be personally involved in the constitutional torts of their supervisors" under limited circumstances. (Id.) Plaintiff admits to filing a grievance concerning the facts relating to his amended complaint on November 6, 2016, and that it was deemed untimely filed. (Id.) The Chief Grievance Officer affirmed the denial of the grievance as untimely filed and rejected Pollard's reasoning that he could not have filed a timely grievance because he suffered from extreme pain. (Id.)

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Schumann v. Astrazeneca Pharm., L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

## III. DISCUSSION

### A. Motion for Reconsideration

Ordinarily, a district court should not dismiss a *pro se* complaint without granting leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 - 11 (3d Cir. 2002). Here, however, the Court found that amendment would be futile considering the level of detail Pollard provided in his Complaint and the documents attached to it. (Doc. 7). Based on a review of these documents, it was clear that Pollard's claim against the named defendants

sounded in negligence and sought to hold them liable under a theory of respondeat superior. Plaintiff points to no "manifest errors of law or fact" in the district court's original order and did not otherwise "present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 - 16 (3d Cir. 2011).

Even if the Court were to grant Pollard's request and allow him to file his amended complaint, the effort would be futile and his case would be subject to dismissal for the reasons discussed below.

### B. Pollard's Admitted Failure to Exhaust his Available Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to pursue all available administrative remedies within the prison's grievance system before bringing a civil rights action concerning prison conditions in federal court. See 42 U.S.C. §1997e(a); Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1855, 195 L.Ed.2d 117 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Exhaustion is mandatory and must be "proper," which requires a prisoner to "us[e] all steps that the agency holds out, and [to do] so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006)(emphasis in original). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." (Id.) The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's

exhaustion requirement. (Id.) Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004); Small v. Camden Cty, 728 F.3d 265, 272 (3d Cir. 2013) (completion of the administrative review process "means 'substantial' compliance with the prison's grievance procedures"). Further, the Supreme Court has held that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 212, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007).

Dismissal of an inmate's claim is appropriate when the prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights action. Nifas v. Beard, 274 F. App'x 241, 245 (3d Cir. 2010)(nonprecedential) (affirming grant of summary judgment that dismissed claims without prejudice where administrative remedies were not exhausted prior to commencement of action). Although failure to exhaust administrative remedies is generally an affirmative defense to be raised by defendants in a civil rights action, a court has the inherent power to *sua sponge* dismiss an action where failure to exhaust available administrative remedies is abundantly clear from the face of the complaint. See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Ray v. Kerestes, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) ("As a general proposition, sua sponge dismissal is inappropriate unless the basis is apparent from the face of the complaint.") (citing Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir. 2000)) ("[Plaintiff] concedes that he did not avail himself of either the intermediate or final review process.").

It is apparent from the face of Pollard's Complaint, and proposed amended complaint, the Pollard failed to properly exhaust his available administrative remedies. Plaintiff concedes that there is administrative grievance procedure available to him at the prison and that his November 6,

2016 grievance concerning the events of June 15, 2016 was rejected by the DOC as untimely. See Doc. 1, p. 2 and pp. 6 - 12; see also Doc. 9, ¶¶ 10 - 16. He admits he filed the grievance more than fifteen days after his fall "because [he] wasn't able to because of [his] condition." See Doc. 1, p. 9. Because it is apparent from the face of the Complaint and the proposed amended complaint that Pollard is barred from pursuing federal relief, his motion to file an amended complaint will be denied.

## IV.   CONCLUSION

In light of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: February 9, 2018

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0344-01.wpd